**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DERRICK CHARLESTON,**

    **Petitioner,**

v.                                                                    **Case No. 4:20cv238-WS/MAF**

**STATE OF FLORIDA,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On or about May 1, 2020, Petitioner Derrick Charleston, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. By order on May 20, 2020, this Court directed Respondent to file an answer, motion, or other response. ECF No. 8.

Petitioner Charleston has now filed an amended § 2254 petition with attachments. ECF No. 11. As in the original petition, Charleston challenges his conviction dated January 18, 2000, and sentence imposed December 19, 2001, by the Second Judicial Circuit, Gadsden County, Florida, following his entry of a nolo contendere plea. *Id.* He indicates his case number in the state trial court as 1999-826-CFA. *Id.* He explains that he "entered a no contest plea to burglary of a structure and a not guilty plea to capital sexual battery" and again indicates the case number as 1999-826-

CFA as well as 2000-128-CFA. *Id.* at 2.

Petitioner has also now filed a Petition for Injunction for Protection Against Repeat Violence. ECF No. 10. In this petition, Charleston asserts he has suffered repeat violence because Respondent has threatened him with serving life imprisonment "without the award of basic gain time." *Id.* at 1. He asserts he "genuinely fears repeat violence by the respondent." *Id.* at 2. It appears the violence Petitioner fears is his continued incarceration. *See id.* The judgment he attaches, as Exhibit 1, is for case number 2000-128-CFA. *Id.* at 4-9.

A search of this Court's cases reveals that Charleston has previously filed § 2254 petitions concerning the same convictions and sentences he challenges here: Charleston v. Inch, No. 4:19cv395-MW/EMT (1999-CF-826); Charleston v. McNeil, No. 4:07cv260-SPM/WCS (challenging 2000-CF-128). In the latter case, the Court denied the petition on the merits on February 26, 2010. Charleston v. McNeil, No. 4:07cv260-SPM/WCS, ECF No. 48.

In the former case, on November 14, 2019, the U.S. Magistrate Judge Elizabeth Timothy dismissed the petition without prejudice after Charleston filed a notice of voluntary dismissal. Charleston v. Inch, No. 4:19cv395-

MW/EMT, ECF No. 20. Before the voluntary dismissal, however, Charleston had also filed a Petition for Injunction for Protection Against Violence similar to the one he has filed in this case. *See id.* ECF No. 11. In recommending denial of the motion in that case, Judge Timothy explained that <u>Gomez v. United States</u>, 899 F.2d 1124, 1125 (11th Cir. 1990), set forth the standard applicable to such requests:

> A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought.

*Id.* ECF No. 13 at 2 (quoting <u>Gomez</u>, 899 F.2d at 1125). Judge Timothy concluded Charleston had not demonstrated a likelihood of success on the merits of a substantial constitutional claim and, moreover, it appeared the Court lacked jurisdiction to consider his habeas petition. *Id.* at 3.

Judge Timothy explained that the challenged sentence in 1999-CF-826 had expired and, therefore, Charleston could not bring a federal habeas petition regarding that conviction and sentence:

> Here, Charleston challenges only the sentence in Case No. 1999-CF-826, on the ground that his counsel was ineffective for failing to object to the scoring of two robbery charges on his sentencing scoresheet. However, it is apparent that the 24-month VOP sentence (imposed on December 19, 2001 and

> ordered to run concurrently with the life sentence imposed on that date in Case No. 2000-CF-128) expired more than 15 years ago. Therefore, Charleston cannot bring a federal habeas petition directed solely at the judgment of conviction and sentence in Case No. 1999-CF-826. *See* Maleng[ v. Cook], 490 U.S. [488,] 490-91 [(1989)]; *see also* [Lackawanna Cnty. Dist. Att'y v.] Coss, 532 U.S. [394,] 401, 403-04 [(2001)].

*Id.* ECF No. 13 at 6. She further explained that, even if the Court considered the petition as one challenging Charleston's sentence in case number 2000-CF-128 as enhanced by the conviction in case number 1999-CF-826, the Court lacked jurisdiction because such petition would be "second or successive":

> Charleston previously challenged his conviction and sentence in Case No. 2000-CF-128 in a federal habeas petition filed in this court in 2007, Case No. 4:07cv260/SPM/WCS. The district court denied the petition on the merits on February 26, 2010. *See* Charleston v. McNeil, No. 4:07cv260/SPM/WCS, Order, ECF No. 48 (N.D. Fla. Feb. 26, 2010). This court lacks jurisdiction to consider a "second or successive petition challenging the judgment in Case No. 2000-CF-128, unless Charleston first obtains authorization from the Eleventh Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A). There is no indication Charleston has done so.

*Id.* at 6-7. Thus, the judge concluded Charleston had not shown entitlement to injunctive relief and recommended denying his request. *Id.* at 7.

As in that case, because the "acts of violence" from which Charleston here seeks protection is his continued imprisonment, this Court construes

his request for injunctive relief as a request for release pending the outcome of this habeas case. *See id*. ECF No. 13 at 2. Further, as in the earlier case, Charleston cannot proceed in this case because, as Judge Timothy explained in her order, to the extent Charleston challenges his conviction and sentence in 1999-CF-826, his sentence in that case expired more than fifteen years ago and, thus, he cannot bring a federal habeas challenge directed solely thereto. *See id*. at 6. In addition, to the extent Charleston challenges his conviction and sentence in 2000-CF-128, as Judge Timothy also explained, this Court lacks jurisdiction to consider such successive challenge in the absence of authorization from the Eleventh Circuit Court of Appeals. *See id*. at 6-7. Nothing indicates Charleston has obtained such authorization. Accordingly, as in Judge Timothy's case, Charleston has not shown entitlement to the injunctive relief sought in his "Petition for Injunction for Protection Against Repeat Violence" and his request should be denied.

Notably, Charleston filed a "Petition for Injunction for Protection Against Repeat Violence" in March 2020 similar to the one he has filed in this case and, with that filing, the Clerk's Office opened a new civil rights case, assigned number 5:20cv092-TKW/MJF. That case is still open although a Report and Recommendation is currently pending, to dismiss the

case without prejudice, for failure to comply with orders of the Court. See Charleston v. Pate, 5:20cv092-TKW/MJF, ECF No. 6.

Moreover, given the above analysis, Charleston has not shown a jurisdictional basis for this habeas action. This Court cannot consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); *see also* Rule 9, Rules Gov. § 2254 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."). See also 28 U.S.C. § 2244(b)(2)(B); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1260 (11th Cir. 2009) (explaining "[t]he stringent requirements that a petitioner must meet before being allowed to assert a claim in a second habeas

petition because of newly discovered facts about events that occurred before the filing of the first petition are contained in § 2244(b)(2)(B)" and "the proper procedure would be to obtain from [the Eleventh Circuit] an order authorizing the district court to consider the second or successive petition"); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1353 (11th Cir. 2007) (explaining Jordan had filed pro se application in Eleventh Circuit seeking order permitting him to file successive § 2254 petition to raise claim of actual innocence based on newly discovered evidence and "[a] panel of this Court found that Jordan had made out a prima facie case under 28 U.S.C. § 2244(b)(2)(B) for filing a second or successive petition in the district court and entered an order permitting him to do so").

Indeed, "[s]ection 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it." Tompkins, 557 F.3d at 1259. Nothing indicates Charleston has obtained such an order from the Eleventh Circuit; in fact, a search this day on PACER, for pending cases in the Eleventh Circuit, revealed no cases with Petitioner's name. Therefore, this amended § 2254 petition should be dismissed for lack of jurisdiction.

## Conclusion

Based on the foregoing, it is respectfully **RECOMMENDED** that Charleston's "Petition for Injunction for Protection Against Repeat Violence" (ECF No. 10) be **DENIED** and his amended § 2254 petition (ECF No. 11) be **DISMISSED for lack of jurisdiction**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a

certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Charleston's "Petition for Injunction for Protection Against Repeat Violence" (ECF No. 10) be **DENIED** and his amended § 2254 petition (ECF No. 11) be **DISMISSED for lack of jurisdiction**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2020.

**S/ Martin A. Fitzpatrick**
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**